E. Evans Wohlforth, Jr., Esq.
Debra A. Clifford, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
973-596-4500
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RONALD L. TOBIA,<br><br>       Plaintiff,<br><br>v.<br><br>CIGNA LIFE AND HEALTH INSURANCE CO.,<br><br>       Defendant. | Civil Action No. 21-11692<br><br>*Document electronically filed*<br><br>**NOTICE OF REMOVAL**<br><br>[Previously pending in the Superior Court of New Jersey, Essex County, Docket No. ESX-L-002674-21] |

TO: **Clerk of the Court**
   United States District Court
   District of New Jersey
   Martin Luther King Jr. Federal Bldg.
   & U.S. Courthouse
   50 Walnut Street
   Newark, New Jersey 07101

   Othiamba Lovelace, Esq.
   Ronald L. Tobia, Esq.
   TOBIA & LOVELACE, ESQS.,LLC
   5 Sicomac Road
   Suite 177
   North Haledon, NJ 07508
   *Attorneys for Plaintiff*
   *Ronald L. Tobia*

   **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1441(a), (c) and 1446, Defendant Cigna Health and Life Insurance Company ("Cigna"), improperly denominated as Cigna Life and Health Insurance Co., through its attorneys Gibbons P.C., hereby files this Notice of Removal to

remove the above-captioned civil action, and all claims and causes of action therein, from the Superior Court of New Jersey, Law Division, Essex County, to the United States District Court for the District of New Jersey.  For the reasons stated below, removal of this action is proper because (1) the First, Second and Third Counts of the Complaint, Plaintiff challenges Defendant Cigna's alleged failure to pay the appropriate amounts for services pursuant to employer-sponsored health benefits plans governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA"); and (2) the parties in this matter are citizens of different states and the amount in controversy exceeds $75,000; therefore, this Court has diversity jurisdiction under 28 U.S.C. § 1332; therefore, these claims are completely preempted by ERISA and this Court has federal question jurisdiction under 28 U.S.C. § 1331.  As to any cause of action not subject to this Court's original jurisdiction under 28 U.S.C. § 1331, this Court also has supplemental jurisdiction under 28 U.S.C. §§ 1367 and 1441(c).

## I. PROCEEDINGS TO DATE

1. A lawsuit styled Ronald L. Tobia v. Cigna Life and Health Insurance Company, , was filed on April 1, 2021, in the Superior Court of New Jersey, Law Division, Essex County (the "State Court Action").

2. Attached hereto as Exhibit A are copies of all process, pleadings, and orders received by Cigna relating to the State Court Action, consisting at this time of: (a) Summons; (b) Complaint, (b) Civil Case Information Statement.[1]

## II. PLAINTIFF'S COMPLAINT

---

[1] Recitation in this Notice of Removal of certain allegations in the pleadings in this matter is not an admission of their truth.  Defendant does not waive, and hereby expressly reserves, all rights, privileges, and defenses in this matter.

3. Plaintiff alleges that this lawsuit arises from Defendant's alleged failure "to provide [plaintiff] health care insurance coverage." See Ex. A ("Compl.") ¶ 38; see also id. ¶¶ 5-6, 12-15.

4. According to the Complaint, Plaintiff is a former partner of Chiesa Shahinian & Giantomasi, PC ("CSG") and received health care benefits pursuant to CSG's employee-sponsored health insurance plan. Id. ¶¶ 4-5.

5. Plaintiff alleges that he stopped working at CSG March 20, 2020 and enrolled in COBRA to continue his health benefits under the CSG plan. Id. ¶¶ 11-12.

6. After March 20, 2020, plaintiff continued to visit various health care professionals. Id. ¶ 16. On November 14, 2020, plaintiff fell and fractured his hip, which required him to have surgery on November 16, 2020. Id. ¶¶ 17-18. Thereafter, Plaintiff is alleged to have required continuing treatment in the hospital followed by rehabilitative care and home therapy. Id. ¶¶ 19, 23, 24, 27. Plaintiff further alleges that Defendant denied payment to Plaintiff's medical providers for all treatment received beginning on March 20, 2020, and otherwise revoked any payments made to medical providers since March 20, 2020. Id. ¶¶ 29-31, 35.

7. The Complaint purports to allege causes of action for Breach of Contract (Count I); Breach of Fiduciary Duty (Count II); Unjust Enrichment (Count III); and Breach of the Implied Covenant of Good Faith and Fair Dealing (Count IV). It seeks relief in the form of unspecified compensatory damages, punitive damages, costs and attorney's fees.

8. Claims at issue in this matter are covered, if at all, by employer-sponsored health-benefits plans governed by ERISA. See 29 U.S.C. § 1002(1)(A).

9. Because, as detailed below, the Complaint seeks reimbursement of amounts paid for medical services pursuant to an employee-benefit plans subject to ERISA, this action concerns claims for benefits offered to an ERISA plan participants.

10. Plaintiff has alleged that Cigna failed to provide health insurance coverage under the employer-sponsored health insurance plan to which Plaintiff subscribed and later continued through COBRA.

### III.  GROUNDS FOR REMOVAL - FEDERAL QUESTION JURISDICTION

11. As described in Part II above, because Plaintiff complains about alleged failures to reimburse benefits under ERISA-governed plans, any state-law claims against Defendant based upon that alleged failure are completely preempted by ERISA and removable to this Court based upon its federal-question jurisdiction under 28 U.S.C. § 1331. Upon information and belief, Plaintiff seeks coverage for medical services under an ERISA-governed policy.

12. As the United States Supreme Court has repeatedly held, the "carefully integrated civil enforcement provisions" in Section 502(a) of ERISA, 29 U.S.C. § 1132(a), set forth the "exclusive" remedies available for the allegedly erroneous denial, non-payment or underpayment of benefits available under an ERISA-governed health benefits plan. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54 (1987).

13. Indeed, the exclusivity of ERISA remedies is so strong that it permits removal of any purported state-law cause of action that amounts to an alternative mechanism for enforcing a claim to ERISA-governed benefits. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987) (the preemptive force of ERISA operates to "convert[]" ordinary state law claims into federal claims for purposes of the well-pleaded complaint rule); see also Aetna Health, Inc. v. Davila, 542 U.S. 200, 209 (2004) (holding that "any state-law cause of action that duplicates, supplements or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted").

14. In Davila, two members of ERISA-governed plans asserted state-law claims against managed-care companies seeking damages resulting from injuries allegedly sustained as a result of the defendants' decision not to cover treatments recommended by the members' treating physicians. Id. at 204-05. There, the Supreme Court held that the state-law claims were completely preempted by ERISA and thus removable to federal court, because the defendants' liability for any damages "would exist here only because of petitioners' administration of ERISA-regulated benefit plans," and thus the defendants' "potential liability under [state law] in these cases . . . derives entirely from the particular rights and obligations established by the benefit plans." Id. at 213.

15. The same is true here because the claims set forth in the Complaint derive solely or in material part from coverage determinations made under the insureds' ERISA-regulated health benefit plans. Id. Such claims are preempted "no matter how couched." Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 273 (3d Cir. 2001). The Complaint is thus preempted by ERISA, and this action is properly removable to this Court. See Davila, 542 U.S. at 213; see also Pryzbowski, 245 F.3d at 273 (noting that claims challenging the administration of or eligibility for benefits "fall[] within the scope of § 502(a) and [are] completely preempted").

**IV.    GROUNDS FOR REMOVAL - DIVERSITY JURISDICTION**

16. Section 1332 of title 28 of the United States Code provides that this Court shall have original jurisdiction over controversies between citizens of different States in which the amount in controversy is in excess of $75,000 exclusive of interest and costs, and that a corporation shall be deemed a citizen of that State in which it is incorporated and that State in which it has its principal place of business.

17. Defendant is a corporation organized under the laws of the State of Connecticut, with its principal place of business at 900 Cottage Grove Road, Bloomfield, CT. Defendant is thus a citizen of Connecticut and no other state.

18. Plaintiff alleges in the Complaint that he is a resident of Maplewood, New Jersey. Thus, on information and belief, Plaintiff is not a citizen of Connecticut and its citizenship is thus diverse from Defendant.

19. Upon information and belief, the Complaint seeks monetary relief in an amount exceeding $75,000.

20. Because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

## V.  SUPPLEMENTAL JURISDICTION

21. This Court has supplemental jurisdiction over any non-ERISA causes of action which may be construed in Plaintiff's Complaint under 28 U.S.C. §§ 1367 and 1441(c).

## VI.  VENUE

22. The State Court Action was filed in the Superior Court of New Jersey, Law Division, Essex County, which is within this judicial district. See 28 U.S.C. § 110. This Court is thus the proper court for removal under 28 U.S.C. §§ 1441(a), 1446(a).

## VII.  TIMELINESS

23. Defendant Cigna Health and Life Insurance Company was served with a copy of the Complaint on April 26, 2020 via Federal Express at an office in Morristown, New Jersey.

24. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446, because 30 days has not passed under Fed. R. Civ. P. 6 since receipt by Defendant, through proper

service of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based.  Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344, 356 (1999) (holding that proper service under state law triggers the time period for filing of removal).

### VIII.   NOTICE

25. Defendant will give written notice of the filing of this Notice of Removal to Plaintiff's counsel of record, as required by 28 U.S.C. § 1446(d), and a copy of this Notice, together with a Notice of Filing Notice of Removal, will be filed electronically with the clerk of the Superior Court of New Jersey, Law Division, Essex County.

### CONCLUSION

26. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11, as required by 28 U.S.C. § 1446(a).

27. Based on the foregoing, Cigna respectfully requests that this action proceeds in this Court as an action properly removed to it.

Respectfully submitted,

Dated: May 24, 2021
Newark, New Jersey

By: s/ E. Evans Wohlforth, Jr.
E. Evans Wohlforth, Jr., Esq.
Debra A. Clifford, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, NJ  07102-5310
Tel:  (973) 596-4879
Fax:  (973) 639-6486
ewohlforth@gibbonslaw.com