# EXHIBIT A

Tobia & Lovelace Esqs., LLC
5 Sicomac Road
Suite 177
North Haledon, NJ 07508
973-568-5800
201.638.0990
Othiamba N. Lovelace
otlovelace@tobialovelaceesqs.com

| | |
|---|---|
| Ronald L. Tobia,<br><br>    Plaintiff,<br><br>         v.<br><br>CIGNA Life and Health Insurance Co.,<br><br>    Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br>DOCKET NO.<br><br><br><br>**SUMMONS** |

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at

21117200018212

http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

_____
Clerk of the Superior Court

DATED: April 1, 2021

Name of Defendant to Be Served: CIGNA Life and Health Insurance Co.

Address of Defendant to Be Served: 44 Whippany Road, Morristown, NJ 07960, Tel: 8862-242-2600

21117200018212

21117200018212

# Civil Case Information Statement

## Case Details: ESSEX | Civil Part Docket# L-002674-21

**Case Caption:** TOBIA RONALD VS CIGNA LIFE AND HEALTH INS. CO
**Case Initiation Date:** 04/01/2021
**Attorney Name:** OTHIAMBA NKOSI LOVELACE
**Firm Name:** TOBIA & LOVELACE ESQS., LLC
**Address:** 616 SOUTH ORANGE AVE #2E
MAPLEWOOD NJ 07440
**Phone:** 9737466000
**Name of Party:** PLAINTIFF : Tobia, Ronald, L
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Ronald L Tobia?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/01/2021                                                      /s/ OTHIAMBA NKOSI LOVELACE
Dated                                                                                        Signed

21117200018212

21117200018212

Tobia & Lovelace Esqs., LLC
5 Sicomac Road
Suite 177
North Haledon, NJ 07508
973-568-5800
201.638.0990
Ronald L. Tobia
Othiamba N. Lovelace
rtobia@tobialovelaceesqs.com
otlovelace@tobialovelaceesqs.com

| | |
|---|---|
| Ronald L. Tobia,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA Life and Health Insurance Co.,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br>DOCKET NO.<br><br><br><br>**COMPLAINT**<br><br>**AND JURY DEMAND** |

Plaintiff Ronald L. Tobia ("Tobia"), by way of this Complaint ("Complaint") against Defendant, CIGNA Life and Health Insurance Company ("CIGNA"), says:

## PARTIES

1. Tobia is a seventy-six year old New Jersey resident that resides in Maplewood, New Jersey.

2. CIGNA is a health service company that is licensed to do business in the State of New Jersey and has an office located at 44 Whippany Road, Morristown, NJ 07960. CIGNA is a Connecticut corporation that has a corporate headquarters located at 900 Cottage Grove road Bloomfield, CT 06002.

## VENUE AND JURISDICTION

3. Jurisdiction and Venue are proper in Essex County pursuant to R. 4:3-2(b), because the relevant facts at issue in this litigation arise from events and occurrences that took place in Essex County.

## FACTS COMMON TO ALL COUNTS

4. On September 28, 2018, Tobia became a partner at the law firm of Chiesa Shahinian & Giantomasi, PC (hereinafter referred to as "CSG").

5. As a benefit to its partners and employees, CSG provided its members health insurance through CIGNA as their primary health insurance provider.

6. Tobia agreed to the health benefit plan and signed all necessary contractual documents to obtain primary health insurance from CIGNA (the "Insurance Contract").

7. As a result, CIGNA became Tobia's primary health care provider and supplied him with health insurance.

8. CIGNA paid for Tobia's health care as a primary insurance provider.

9. Tobia paid monthly co-pay premiums for his health insurance as prescribed by the Insurance Contract.

10. Tobia has used Medicare Part A as a secondary health insurance provider since April 1, 2011.

11. On March 20, 2020, Tobia stopped working for CSG.

12. After leaving CSG, Tobia enrolled in COBRA (The Consolidated Omnibus Budget Reconciliation Act) to continue his CIGNA primary health insurance coverage as it was prior to his leaving CSG.

21117200018212

21117200018212

13. Under COBRA, Tobia was to continue with CIGNA as his primary care provider, and Medicare Part A as his secondary health care provider.

14. As required by COBRA, Tobia paid CIGNA $2,234.02 per month to continue his health care insurance benefits from CIGNA.

15. CIGNA continued to provide the same health care insurance coverage that Tobia received while he was working at CSG.

16. After March 20, 2020, Tobia continued to see his various health care professionals for ongoing medical treatments, which is typical for a seventy-six year old man, and CIGNA continued to pay its portion of Tobia's medical bills as his primary insurance provider without objection.

17. On November 14, 2020, Tobia fell at his home, fracturing his hip.

18. On November 15, 2020, Tobia was transported and admitted to Mountainside Hospital, where Dr. Mark Chase surgically repaired Tobia's broken hip on November 16, 2020. The surgery included the placement of several screws, rods, and plates into Tobia's hip to stabilize it and allow it to heal properly.

19. Following surgery, Tobia remained at the hospital for several days for post operation monitoring and time to recuperate. During this period doctors, nurses, and other hospital staff performed the necessary post-surgery monitoring and testing as well as the ancillary care of patient recovery.

20. Tobia and Mountainside Hospital duly notified CIGNA of Tobia's hospital admission, injuries, and surgery in a timely manner and consistent with normal reporting protocols.

21. Mountainside Hospital also billed CIGNA as Tobia's primary insurance provider for the services it provided to Tobia.

21117200018212

21117200018212

22. CIGNA did not notify Tobia or Mountainside Hospital of any objections to Tobia's treatment or billing of same. CIGNA did not notify any of the treating physicians that Tobia was not covered by CIGNA.

23. Because of the severity of his injury and surgery, Tobia was unable to walk or function as he did prior to his injury. Tobia required extensive personal care and physical therapy to be rehabilitated to return to a functional and independent state.

24. On November 18, 2020, Tobia was transported by ambulance to Arbor Glen Nursing and Rehabilitation Center (hereinafter referred to as "Arbor Glen") to begin his continued recovery and physical therapy there. At Arbor Glen, Tobia underwent 26 days of personalized and intense physical therapy under the care of trained and licensed therapists to regain his ability to function independently once again.

25. Arbor Glen duly reported Tobia's treatment, medical care and progress to CIGNA in a timely manner, and consistent with standard reporting protocols.

26. On December 15, 2020, Tobia was cleared by his doctors to leave Arbor Glen to be transferred back to his home in Maplewood, New Jersey to continue his rehabilitation and recuperation.

27. Arbor Glen and Tobia's doctors then authorized a plan where Tobia would continue his physical therapy at his home due to his continued lack of mobility. That therapy was to be performed by having licensed professional therapists come to his home to, among other things, help him learn to walk again and to help him build-up strength in his hip by performing strengthening exercises.

28. Despite having a home treatment program prescribed by his doctors and Arbor Glen, CIGNA **denied** approval of the therapy Tobia needed to regain his functional

4

independence. Tobia's prompt treatment and therapy following his surgery was essential for a full recovery and the functional independence he had prior to his accident. Tobia never received approval from CIGNA for the in-home physical therapy.

29. On or about December 19, 2020, Tobia received a letter from CIGNA stating that it was denying payment to Tobia's medical providers for the medical services he had received since March of 2020.

30. CIGNA also sent several letters directly to Tobia's medical providers requesting further information concerning his medical treatment and revoking payments made to them since March of 2020.

31. CIGNA then sent several letters directly to Tobia stating that it was going to refuse to honor its contractual obligation to provide Tobia health coverage as his "primary" health care insurance provider. CIGNA stated Tobia should enroll in Medicare Part B, and CIGNA would be Plaintiff's secondary insurance carrier.

32. Upon learning of CIGNA's position and in order to mitigate his damages, Tobia immediately enrolled in Medicare Part B, without prejudice to Tobia's position that CIGNA was his primary insurance provider. However, Tobia only became eligible for Medicare Part B effective, February 1, 2021. As a result, none of Tobia's medical bills prior to February 1, 2021 were covered by Medicare Part B or CIGNA.

33. Tobia reasonably expected that CIGNA would provide him with health care insurance coverage during this traumatic period in his life. Prior to December 19, 2020, CIGNA had not given any indication that it would be anything other than Tobia's "primary" insurer and provide health care coverage consistent with a primary insurer. CIGNA also never

5

21117200018212

21117200018212

advised Tobia that he needed to enroll in Medicare Part B until one month after Tobia broke his hip.

34. From March 2020 until present, Tobia has timely paid his monthly health insurance premium payments of $2,234.02 for primary health care coverage from CIGNA, paying a total of $26,808.24 to date for his health care coverage, but Tobia has received no health care coverage from CIGNA.

35. To be clear, prior to CIGNA's December 19, 2020 letter, CIGNA did not object to any of the treatments or bills that Tobia's health care providers submitted between March 20, 2020 and December 19, 2020. However, CIGNA in bad faith took back all of the monies it paid to Tobia's health care providers going back to March 20, 2020.

36. Tobia contracted CIGNA for primary care health insurance benefits and he dutifully paid a high monthly premium to CIGNA for that care. CIGNA accepted Tobia's payment of his monthly premium payments without protest from CIGNA, never raised any objection or notice of any change of insurance coverage until the hip fracture claims began.

37. Tobia had no reason to believe that CIGNA would not honor its agreement to provide Tobia with health care insurance at the time he needed it most, and Tobia had every reason to expect his health care provider, CIGNA, to come through.

38. CIGNA did not provide Tobia the health care insurance coverage he contracted for in the Insurance Contract.

39. As the result of CIGNA's conduct and breach of the Insurance Contract, Tobia has been forced to file the present case.

40. Tobia hereby requests to have this matter heard by a jury.

21117200018212

21117200018212

## First Count
## Breach of Contract

41. Tobia repeats each and every allegation of the proceeding paragraphs of this Complaint as if set forth here at length.

42. As set forth above in greater detail, the parties entered into the Insurance Contract, pursuant to which CIGNA was to provide Tobia with health care insurance coverage as his "primary" insurance carrier in exchange for Tobia making monthly premium payments.

43. From March 20, 2020 until December 19, 2020 Tobia paid his monthly premiums as required.

44. On December 19, 2020, CIGNA breached its contract with Tobia when it declared that it was not his primary insurance carrier and began to revoke and or deny all of the payments it had made to Tobia since March 20, 2020.

45. Tobia has notified CIGNA of the breach and CIGNA's failure to provide its contractually obligated health insurance coverage, however, to this date CIGNA has refused to comply.

46. As a result, Tobia has suffered damages because he paid CIGNA for health care insurance coverage but has not received the agreed upon health care coverage.

47. Tobia has also suffered physical damages because CIGNA's conduct has prevented him from receiving medical treatments that are necessary for him to regain full functionality in his hip.

21117200018212

21117200018212

**WHEREFORE**, Tobia prays for an Order against CIGNA as follows:

a. Enjoining CIGNA from denying Tobia's health care coverage for medical bills submitted after March 20, 2020;

b. Enjoining CIGNA from denying that it was Tobia's primary insurance provider after March 20, 2020;

c. Enjoining CIGNA from revoking health insurance payments made to Tobia's health care providers after March 20, 2020;

d. Ordering CIGNA to pay Tobia's medical bills that were submitted after March 20, 2020 as his primary insurance provider;

e. Awarding compensatory damages;

f. Awarding punitive damages;

g. Awarding attorneys' fees and costs; and

h. Awarding any other relief the court deems just and equitable under the circumstances.

## Second Count
## Breach of Fiduciary Duty

48. Tobia repeats each and every allegation of the proceeding paragraphs of this Complaint as if set forth here at length.

49. CIGNA has a fiduciary duty to act in the best interest of its insured.

21117200018212

21117200018212

50. As set forth in greater detail above, CIGNA breached its fiduciary duty when it failed to provide health care insurance to Tobia after he broke his hip.

51. As a result, Tobia has suffered substantial damages.

**WHEREFORE**, Tobia prays for an Order against CIGNA as follows:

a. Enjoining CIGNA from denying Tobia's health care coverage for medical bills submitted after March 20, 2020;

b. Enjoining CIGNA from denying that it was Tobia's primary insurance provider after March 20, 2020;

c. Enjoining CIGNA from revoking health insurance payments made to Tobia's health care providers after March 20, 2020;

d. Ordering CIGNA to pay Tobia's medical bills that were submitted after March 20, 2020 as his primary insurance provider;

e. Awarding compensatory damages;

f. Awarding punitive damages;

g. Awarding attorneys' fees and costs; and

h. Awarding any other relief the court deems just and equitable under the circumstances.

21117200018212

21117200018212

## Third Count
## Unjust Enrichment

52. Tobia repeats each and every allegation of the proceeding paragraphs of this Complaint as if set forth here at length.

53. As set forth at length above, since March 20, 2020, Tobia has paid CIGNA insurance coverage premiums in exchange for "primary" health insurance coverage.

54. Since March 20, 2020, CIGNA accepted Tobia's health insurance payments, but has refused to provide any services in return.

55. As a result, CIGNA has been unjustly enriched because it has taken monthly insurance premiums from Tobia, but has not provided him with any health care insurance coverage.

**WHEREFORE**, Tobia prays for an Order against CIGNA as follows:

i. Enjoining CIGNA from denying Tobia's health care coverage for medical bills submitted after March 20, 2020;

j. Enjoining CIGNA from denying that it was Tobia's primary insurance provider after March 20, 2020;

k. Enjoining CIGNA from revoking health insurance payments made to Tobia's health care providers after March 20, 2020;

l. Ordering CIGNA to pay Tobia's medical bills that were submitted after March 20, 2020 as his primary insurance provider;

m. Awarding compensatory damages;

21117200018212

21117200018212

n. Awarding punitive damages;

o. Awarding attorneys' fees and costs; and

p. Awarding any other relief the court deems just and equitable under the circumstances.

### Fourth Count
### Breach of the Implied Covenant of Good Faith and Fair Dealing

56. Tobia repeats each and every allegation of the proceeding paragraphs of this Complaint as if set forth here at length.

57. As set forth above, CIGNA failed to act in a way that is honest and faithful to the agreed purposes of the contract and consistent with the reasonable expectations of the parties.

58. CIGNA acted in bad faith and engaged in deceptive conduct by accepting Tobia's insurance premiums and paying his health care providers as though CIGNA was Tobia's primary insurance provider from March 20, 2020 until December 19, 2020, only to then deny Tobia health care coverage when he broke his hip and needed CIGNA the most.

59. CIGNA received numerous bills from Tobia's health care providers between March 20, 2020 and December 19, 2020 and never raised any objections to those bills, until Tobia broke his hip.

60. CIGNA's conduct denied Tobia of the bargain initially intended by the parties.

61. As set forth at length above, Tobia has been damaged by CIGNA's conduct.

**WHEREFORE**, Tobia prays for an Order against CIGNA as follows:

11

21117200018212

21117200018212

a. Enjoining CIGNA from denying Tobia's health care coverage for medical bills submitted after March 20, 2020;

b. Enjoining CIGNA from denying that it was Tobia's primary insurance provider after March 20, 2020;

c. Enjoining CIGNA from revoking health insurance payments made to Tobia's health care providers after March 20, 2020;

d. Ordering CIGNA to pay Tobia's medical bills that were submitted after March 20, 2020 as his primary insurance provider;

e. Awarding compensatory damages;

f. Awarding punitive damages;

g. Awarding attorneys' fees and costs; and

h. Awarding any other relief the court deems just and equitable under the circumstances.

                                  TOBIA & LOVELACE ESQS., LLC

                                  BY: */s/ Othiamba N. Lovelace*
                                        **OTHIAMBA N. LOVELACE**

**DATED:**   March 31, 2021

21117200018212

21117200018212

## CERTIFICATION PURSUANT TO R. 4:5-1

The undersigned hereby certifies that this matter is not subject to any other litigation or arbitration proceeding, and there is no other litigation or arbitration proceeding contemplated. The undersigned certifies that to the best of knowledge no other person or entity should be joined in this litigation.

                TOBIA & LOVELACE ESQS., LLC

                BY: */s/ Othiamba N. Lovelace*
                     **OTHIAMBA N. LOVELACE**

**DATED:** March 31, 2021

## CERTIFICATION PURSUANT TO R. 1:38-7(c)(2)

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

                TOBIA & LOVELACE ESQS., LLC

                BY: */s/ Othiamba N. Lovelace*
                     **OTHIAMBA N. LOVELACE**

**DATED:** March 31, 2021

21117200018212
21117200018212



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: IMPORTANT: TRANSMIT YOUR SHIPPING DATA AND PRINT A MANIFEST:
At the end of each shipping day, you should perform the FedEx Ground End of Day Close procedure to transmit your shipping data to FedEx. To do so, click on the Ground End of Day Close Button. If required, print the pickup manifest that appears. A printed manifest is required to be tendered along with your packages if they are being picked up by FedEx Ground. If you are dropping your packages off at a FedEx drop off location, the manifest is not required.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide and applicable tariff, available upon request. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations, including limitations on our liability, can be found in the current FedEx Service Guide and applicable tariff apply. In no event shall FedEx Ground be liable for any special, incidental, or consequential damages, including, without limitation, loss of profit, loss to the intrinsic value of the package, loss of sale, interest income or attorney's fees. Recovery cannot exceed actual documented loss. Items of extraordinary value are subject to separate limitations of liability set forth in the Service Guide and tariff. Written claims must be filed within strict time limits, see current FedEx Service Guide.

21117200018212